IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| E. L., ET AL. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-1144 |
| | * | |
| JOSHUA P. STARR, ET AL. | * | |
| | ****** | |

**MEMORANDUM**

This case constitutes an appeal under 20 U.S.C. §1415(g) under the Individuals with Disabilities Education Act from a decision and order of an administrative law judge denying plaintffs reimbursement for the tuition they paid to the Katherine Thomas School for the education of their daughter, E.L. Both sides have moved for summary judgment. Plaintiffs' motion will be denied, and defendants' motion will be granted.

The ALJ decision followed a five-day hearing. The ALJ made factual findings that support the decision he reached. Plaintiffs argue, however, that the factual findings made by the ALJ were against the weight of the evidence and are not entitled to deference because they were not "regularly made." *See Doyle v. Arlington County Sch. Bd.*, 953 F. 2d 100, 105 (4th Cir. 1991). Plaintiffs' argument is misplaced for the following reasons.

First, plaintiffs contend that the ALJ erred in discrediting the testimony of Michelle Davis, an expert educational consultant who testified on behalf of plaintiffs. According to plaintiffs, the ALJ simply disregarded the testimony of Ms. Davis and did not state adequate grounds for the reason that he discredited the conclusions she reached. Plaintiffs' contention is without merit. The ALJ did state the reasons that he discredited the testimony of Ms. Davis. These reasons included (1) the fact that she did not prepare a formal report, (2) the fact that she

1

did not conduct any testing, (3) the unpersuasiveness of the summary of five data collections she prepared, (4) the absence of testimony explaining the significance of the data she collected, and (5) the fact that Ms. Davis had limited knowledge of the programs offered at the Farquhar Middle School ("FMS"), the school defendants proposed E.L. would attend. (ALJ Decision at 49-51). Moreover, the ALJ stated the reason that he credited the testimony of the witnesses who appeared on behalf of the Montgomery County Public Schools. (ALJ Decision at 50-52). There is simply no basis for this court to rule that the findings made by the ALJ were not "regularly made."

Second, plaintiffs' attacks upon specific findings of fact made by the ALJ are mere quibbles. Although there was evidence that might have supported contrary findings, the ALJ's findings of fact concerning alleged bullying at the Sherwood Elementary School (where E.L. attended before her parents withdrew her), the removal of a school psychologist, Mr. Holdefer, from E.L.'s case, the interaction between plaintiffs and Dr. Glasser that resulted in Dr. Glasser removing certain information from her report, there was also evidence that supported the findings made by the ALJ. More importantly, there is nothing in the record that suggests that the ALJ's fact findings were not "regularly made." Further, it is not at all clear that the specific findings attacked by plaintiffs were material to the ALJ's decision.

Third, plaintiffs' argument that the ALJ completely failed to consider the "Diagnostic and Prescriptive Goals" ("DPGs") developed at the Katherine Thomas School is unpersuasive. In fact, the findings of fact reflect that he did consider the DPGs: Findings of Fact, 44 and 45. He noted that the IEP team considered the DPGs. To the extent that the ALJ somewhat discounted the DPGs because E.L. was not being academically challenged at the Katherine Thomas School, his finding was supported by the evidence.

In the final analysis this case merely reflects a disagreement between plaintiffs and defendants as to what is the "appropriate" education that E.L. should receive. It is entirely understandable that plaintiffs placed E.L. at the Katherine Thomas School when, after E.L. began fifth grade at Sherwood Elementary School in the fall of 2008, she refused to do her homework, her grades began to suffer, she complained about other students threatening or teasing her, and begged her parents to take her to work instead of going to school. Moreover, it was in the parents' prerogative whether to continue E.L. at the Katherine Thomas School in light of the fact that E.L. appeared to be comfortable there. These, however, are not the issues that the ALJ (or this court) are required to decide. Rather, the issue in this case is whether defendants offer to plaintiffs "a free appropriate public education" for E.L. Defendants had in place a process to review E.L.'s case annually through the IEP process, and the evidence on the record supports the conclusion that they participated in that process responsibly.

The law is clear that "a reviewing court should be reluctant . . . to second-guess the judgment of education professionals . . . ." *A.D. by B.D. v. Lawson*, 354 F. 3d 315, 326 (4th Cir. 2004). Moreover, to the extent that the disagreement between the parties arises from plaintiffs' desire to have E.L. educated in the more controlled environment of the Katherine Thomas School, it must be remembered that the implementing regulations of the IDEA provide "[t]hat to the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities are educated with children who are non-disabled." 34 C.F.R. §300.114(a)(2)(i). *See Daniel R. v. State Bd. of Educ.*, 874 F.2d 1036, 1044 (5th Cir. 1989).[1]

---

[1] Plaintiffs also dispute the ALJ's finding that a February 25, 2011 letter between counsel for the parties did not toll the two-year statute of limitations of the IDEA. 20 U.S.C. §1415(f)(3)(c). This issue is academic in light of the facts that (1) I am upholding the ALJ's decision that

      A separate order effecting the rulings made in this memorandum is being entered herewith.

Date:   January 18, 2013            \_\_\_/s/_____
                                           J. Frederick Motz
                                           United States District Judge

---

plaintiffs are not entitled to any relief, and (2) plaintiffs have failed to identify any evidence that would have been introduced if the ALJ had read the February 25, 2011 letter as tolling limitations. Of course, if my ruling that plaintiffs are not entitled to relief is reversed, the limitations issue becomes material.

4